UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                                         )
                                                              )
JOSE SERGIO HOYO, JR.,                 )         Case No. 6:05-bk-12864-KSJ
                                                              )         Chapter 7
            Debtor.                              )
                                                              )

MEMORANDUM OPINION DENYING
CREDITOR, KAREN HOYO'S, MOTION FOR RELIEF FROM STAY

This case came on for hearing on January 10, 2006, on the Motion for Relief from Stay (the "Motion") (Doc. No. 9), filed by Karen Hoyo, the debtor's soon to be ex-wife. The issue is whether the debtor or his bankruptcy estate retained any interest in property to be conveyed to Ms. Hoyo via a marital settlement agreement executed but not performed before this Chapter 7 case was filed on October 7, 2005. Upon consideration of the pleadings, evidence, and positions of the parties, the Court denies the Motion. The debtor had at least a contingent interest in the property on the petition date.

The debtor and Ms. Hoyo have lived apart for many months. In an attempt to resolve all issues between them, on June 6, 2005, they entered into a marital settlement agreement (the "MSA"). The MSA stipulated, among other things, that Ms. Hoyo was to receive the marital house, various financial accounts, and other personal property. Some of the property is likely exempt from claims of the debtor's creditors, such as the marital home and various retirement accounts. Other property may not be exempt.

The MSA was not approved by the state court on the date this bankruptcy was filed. No transfers had occurred under the MSA. Moreover, the MSA had one significant contingency that was not completed prior to this bankruptcy. Specifically, the MSA was contingent on the termination of parental rights by the debtor. The termination of parental rights was not effected

until November 23, 2005, over a month after the bankruptcy filing. Therefore, transfers required under the MSA were not completed on the date this case was filed.

Ms. Hoyo contends, however, that the parties were steadfastly trying to satisfy the contingencies and conclude the settlement on the petition date. The movant's attorney was drafting the necessary Qualified Domestic Relations Order[1] when this bankruptcy case was initiated. Ms. Hoyo argues that the debtor voluntarily relinquished his equitable or legal rights in the Property, because those rights were extinguished by the MSA, which Ms. Hoyo claims <u>was</u> final. In exchange for the property in the MSA, she gave up all claims to alimony and child support and assumed all debts from the acquisition of the property she obtained under the MSA. Additionally, Ms. Hoyo states that court approval was merely delayed because the debtor had not relinquished his parental rights.

Both the Chapter 7 trustee, Kenneth D. Herron, Jr., and a creditor, Cohen Fox, object to any modification of the stay. The trustee claims that the MSA was ***not*** finalized and that the bankruptcy estate retains an interest in the property that he should administer for the benefit of creditors. He argues that the MSA was contingent on a final judgment of the state court, which was not entered before the petition date. Relying on <u>Wood v. Wood</u>, 205 B.R. 324 (M.D. Fla. 1996), the trustee asserts that the debtor's interest in the marital property existed on the petition date and became property of this bankruptcy estate. In <u>Wood</u>, the state court approved a marital settlement agreement prior to the husband's bankruptcy and later directed him to transfer a promissory note to his former wife. However, the order directing the transfer of the promissory note was defective and unenforceable. As a result, the property interest was not transferred and, at the moment of filing the bankruptcy petition, the debtor still retained interest in the disputed property. In this case, the trustee contends that, similar to <u>Woods</u>, the MSA was not even

---

[1] The Qualified Domestic Relations Order is a court order signed by the judge that requires a retirement plan administrator to divide the property according to the proportion stated in the order.

initially approved by the state court prior to the petition date and, thus, no property interest transferred from the debtor to Ms. Hoyo.

The issue before the Court is to determine if the debtor had an interest in the property listed in the MSA at the time this bankruptcy petition was filed. Under 11 U.S.C. § 362(d)(2), relief from stay is appropriate only when the debtor has no equity in the property and the property is not necessary for an effective reorganization. In this Chapter 7 case, the debtor is not seeking to reorganize, and the only consideration is whether the debtor has an interest in the property. State law determines whether a debtor had legal or equitable interest in property as of the bankruptcy petition date, so as to render it property of the bankruptcy estate. In re Health Care Products, Inc., 159 B.R. 332, 337 (M.D. Fla. 1993).

In Florida, a husband and wife may execute an agreement concerning their property and ***upon approval by the court*** (emphasis added), such agreement will be incorporated into the final decree.  25A Fla. Jur. 2d *Family Law* § 716 (2005). In dissolution actions, when questions of property rights are raised, the court must determine the issue since final judgment of dissolution settles all property rights of the parties and bars further action to determine such rights. Craig v. Craig, 404 So.2d 413, (Fla. 4th DCA 1981). Furthermore, a judgment by the state court is needed to consummate a marital dissolution agreement.

Here, the parties' MSA was not final when Mr. Hoyo filed this case.  No property interests had been transferred.  No final judgment approving the MSA had been entered into by the state court. The contingency relating to the debtor's termination of his parental rights still existed on the petition date.  Thus, there was no final determination as to the property rights of the parties.  The property (or at least the non-exempt property) is subject to administration by the Chapter 7 trustee as property of the estate.  As a result, the debtor retained an interest in all property stipulated under the MSA.  Ms. Hoyo has failed to demonstrate any reason to modify the stay.  The motion is denied.  A separate order consistent with this opinion shall be entered.

The Court recognizes that this places Ms. Hoyo in a very difficult situation. She needs to finalize her divorce but cannot do so until the property issues are resolved. She cannot enforce the MSA or resolve these property issues until the trustee has completed administration of this estate. The Court further is concerned that the timing of the debtor's bankruptcy filing may have been a surreptitious attempt to evade his obligations under the MSA, which certainly could and does prejudice the movant, Ms. Hoyo. Unfortunately, the Court can do little to address this problem. However, to the extent that the trustee can quickly administer this estate, abandon exempt assets, or otherwise assist Ms. Hoyo to solve her dilemma, the Court encourages him to do so.

DONE AND ORDERED in Orlando, Florida, this 7th day of February, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Jose Sergio Hoyo, Jr., PO Box 150863, Altamonte Springs, FL

Debtor's Attorney:  Edward R. Gay, Esquire, 1516 East Concord Street, Orlando, FL  32803

Creditor's Attorney:  Douglas W. Neway, Bond, Botes, & Neway, P.C., 135 W. Central Blvd., Suite 310, Orlando, FL  32801

Robert W. Sidweber, Esquire, Auto Nation Tower, Suite 1920, 110 SE 6th Street, Ft. Lauderdale, FL  33301

Trustee:  Kenneth D. Herron, Jr., 1851 West Colonial Drive, Orlando, FL  32804

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL  32801